UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER J. VELTHUYSEN,

    Plaintiff,

v.                                                                                  Case No. 2:10-cv-262
                                                                                                     HON. R. ALLAN EDGAR

UNKNOWN BOLTON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Christopher J. Velthuysen, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Jennifer Bolton. At all times relevant to this lawsuit, Plaintiff was incarcerated at the Marquette Branch Prison (MBP). Defendant Bolton is a General Office Assistant at MBP with responsibilities for processing all incoming and outgoing mail, via the United States Postal Service.

Plaintiff's complaint alleges that on July 8, 2010, Plaintiff received a Federal Express envelope labeled "legal mail" from Mark Sullivan of Mark Sullivan & Associates. Plaintiff states that Defendant Bolton opened the envelope outside his presence, despite his prior request for special handling of his legal mail. Defendant Bolton asserts that the Federal Express envelope did not qualify as legal mail under policy guidelines and, therefore, no special handling was required.

Plaintiff claims that Defendant's actions violated his rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff seeks $750 for compensatory damages, $1,250 for punitive damages, $800 for actual damages, and $550 for general damages.

Presently before the Court is Defendant's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that his constitutional rights were violated when Defendant Bolton opened his "legal mail" and replaced the envelope. Incoming mail has long been recognized to pose a greater threat to prison order and security than outgoing mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). The Michigan Department of Corrections may require that inmates specifically request that their legal mail be opened in their presence. *Knop v. Johnson*, 667 F. Supp. 467, 473 (W.D. Mich. 1987), *appeal dismissed*, 841 F.2d 1126 (6th Cir. 1988). Further, a prison can restrict the opening of special mail in the presence of the inmate to those situations wherein the sender is identified as an attorney and the envelope makes a specific restriction on the opening. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). With regard to mail from an inmate's attorney, prison officials have a right to open and inspect such mail for contraband. However, they may not read the mail and must allow the prisoner to be present, upon request, if the envelope is marked as confidential. *Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993); *see also Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (court abandoned the *per se* rule that the Constitution requires that the opening and inspection of legal mail be in the presence of the inmate).

MDOC Policy Directive 05.03.118 defines legal mail and sets forth the guidelines for the special handling of legal mail:

> Only mail from an attorney or law firm, a legitimate legal service organization, a non-prisoner paralegal working on behalf of an attorney, law firm, or legal service organization, the Department of Attorney General, a prosecuting attorney's office, a court, a clerk of the court, or a Friend of the Court Office shall receive this special handling, and only if the mail is clearly identified on the face of the envelope as being from one of the above. It is not sufficient for the envelope to be simply marked "legal mail."

*Id* at ¶ HH.

In *Sallier v. Brooks*, the Sixth Circuit addressed the issue of what constitutes legal mail and held that such mail must specifically indicate on the envelope that it contained "confidential, personal, or privileged material, that it was sent from an attorney at the ABA, or that it related to a currently pending legal matter in which [the Plaintiff] was involved." *Sallier v. Brooks*, 343 F.3d 868, 875 (6th Cir. 2003).

In this case, Plaintiff alleges that his legal mail was opened outside his presence despite his request for special legal mail handling. The envelope arrived via Federal Express and indicated that the sender of the mail was Mark Sullivan, Mark Sullivan & Associates, who was in fact a defendant in another civil lawsuit to which Plaintiff was a party. There was no indication that Mark Sullivan was Plaintiff's attorney or other legitimate legal service organization as described in the MDOC's legal mail policy. In fact, a review of the electronic docketing system for this Court reveals that Plaintiff sued Mark Sullivan & Associates in this Court on February 24, 2010, and the case was assigned case number 2:10-cv-36. In his complaint in that case, Plaintiff alleged that he sent a manuscript to Defendant for publication and that Defendant improperly sold the manuscript in violation of copyright law. (*Velthuysen v. Mark Sullivan & Associates*, Case No. 2:10-cv-36, docket #1.) While the envelope at issue in this case was labeled "legal mail," the MDOC legal mail policy explicitly states that this is not sufficient to qualify as legal mail. As noted above, there was no indication that the envelope was from Plaintiff's attorney or other legal service provider. Accordingly, Defendant Bolton did not violate Plaintiff's constitutional rights by opening the envelope outside Plaintiff's presence.

Plaintiff also alleges that when he received his package, one page of the mail was missing and that it was delivered the next day. However, even if the Federal Express envelope could be considered legal mail, this claim is without merit. Blatant disregard for mail handling regulations

- 4 -

concerning legal mail clearly violates constitutional protections. *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009). Two or three pieces of legal mail opened in an arbitrary or capricious way suffice to state a claim. *Id*. However, in *Barker v. Sowders*, No. 98-5506, U.S. App. LEXIS 13618, at *4 (6th Cir. June 15, 1999), the Sixth Circuit Court concluded that a prison employee who opened one piece of a prisoner's legal mail was, at most, shown to have negligently mis-sorted the mail, and that negligence was insufficient to establish a constitutional violation. In *Anderson v. Andrews*, No. 2:09-cv-109, the district court found that the act of opening of one piece of properly marked legal mail outside the prisoner's presence was not enough to state a claim where it was questionable whether the mail actually was legal mail. *See Anderson v. Andrews*, 2010 WL 3474988 (W.D. Mich. Jul. 1, 2010), report and recommendation adopted by 2010 WL 3475030 (W.D. Mich. Sep. 2, 2010). Such negligence, while regrettable, does not constitute a First Amendment violation. *Sims v. Landrum,* 170 Fed. Appx. 954, 957 (6th Cir. 2006).

Plaintiff alleges that losing one page of his incoming mail, whether it was legal mail or regular mail, constitutes negligence, thereby violating his constitutional rights. As noted above, the mail at issue does not qualify as legal mail. Even if it was legal mail, however, the act of mishandling one piece of mail is insufficient to state a claim of constitutional violation. The only possible way Plaintiff can claim a constitutional violation based on the temporary deprivation of one page of his mail is to show that he suffered an actual injury as a result. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff

must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff, here, has failed to show that any legal claim was prejudiced, or hindered due to the one day deprivation of one page of his mail. Accordingly, this claim is properly dismissed.

Plaintiff has not specified whether he is suing Defendant Bolton in his official or individual capacity. Should Plaintiff be suing Defendant Bolton in her official capacity, Defendant Bolton is entitled to summary judgment on Plaintiff's official capacity claims against her because such claims are barred by the Eleventh Amendment. Any claims against the individually-named Defendants in their official capacities do not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections).[1] The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars official-capacity suits for damages against its employees.

---

[1] The Sixth Circuit has held that since an official capacity suit for retroactive relief, such as monetary damages, is deemed to be against the State, whose officers are the nominal Defendants, the claim is barred by the Eleventh Amendment. *Doe v. Wigginton*, 21 F.3d 733, 736-737 (6th Cir. 1994).

If Plaintiff is suing Defendant Bolton in her individual capacity, Defendant Bolton is entitled to qualified immunity because Plaintiff has failed to show a violation of clearly established law. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As noted above, Defendant Bolton did not violate Plaintiff's constitutional rights. Accordingly, she is entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's Motion For Summary Judgment. Accordingly, it is

recommended that Defendant's Motion For Summary Judgment (Docket #8) be granted and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendant's motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:  August 23, 2011